## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER LUDWIG, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A. No. 1:23-CV-80 |
| | ) | |
| PENNSYLVANIA STATE POLICE, et al,) | | RE: ECF No. 8 |
|     Defendants. | ) | |

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is the motion for judgment on the pleadings filed by the Commonwealth Defendants. ECF No. 8. For the reasons stated herein, the motion will be granted in part and denied in part.

## Procedural Background

In this case, Plaintiff brings various state and federal claims arising from an incident in which Plaintiff was struck by a Pennsylvania State Police vehicle.  At the time of the incident, the vehicle was driven by Trooper Hunter Freer and the scene of the accident was later investigated by Trooper Matthew Steele. The complaint names as Defendants the Commonwealth of Pennsylvania, the Pennsylvania State Police ("PSP"), Troopers Freer and Steel (together, the "Commonwealth Defendants"), as well as Eric Culver, a private citizen who was at the scene of the incident.

Defendant Culver filed an answer in response to the complaint. The Commonwealth Defendants filed an answer and moved for a partial judgment on the pleadings. ECF No. 8. Plaintiff filed an opposition thereto. ECF No. 11. This matter is ripe for disposition by this Court.

**Standard of Review**

The Commonwealth Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Judgment will be granted if "the movant clearly established there are no material issues of fact, and he is entitled to judgment as a matter of law." Fed.R.Civ.P. 12(c). Motions filed pursuant to Rule 12(c) are reviewed under the same standard that applies to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

Rule 12(b)(6) provides the standard of review applicable to motions for judgment on the pleadings. In other words, the court must accept the factual allegations as true and draw all reasonable inferences presented in the pleadings in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-4 (2007); *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). District courts must engage in a three-step inquiry in order to determine the sufficiency of a complaint in the face of a motion to dismiss:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg*

*Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). With this standard of review in mind, we

examine the facts alleged in the complaint.


**The Factual Allegations of the Complaint**

On June 3, 2022, Plaintiff was walking along the roadway at which time he experienced a

medical episode losing consciousness and collapsing on to the roadway. Plaintiff was laying

unconscious in the eastbound lane of travel. ECF No. 1, ℙ 10. A PSP vehicle operated by Trooper

Freer struck, ran over, and dragged Plaintiff twenty feet across the pavement. *Id*. at ℙ 16.

According to the complaint, Trooper Steele arrived on the scene and ascertained facts

which implicated the possible negligent, illegal, reckless or improper conduct of employees of

the PSP, but he failed to contact the Office of State Inspector General, the Office of the Attorney

General of Pennsylvania or any other law enforcement agency to investigate the incident. *Id*. at ℙ

17. Defendants instructed private citizens in the area of the accident not to cooperate in any

investigation. *Id*. at ℙ 18. The PSP "closed its investigation of this incident without filing any

charges or making reprimands, recommendations, suspensions or taking corrective action of any

kind despite Defendant Freer's admission to driving while distracted, failing to stop prior to

striking a pedestrian and causing grievous injuries to an inconscious person and while the vehicle

camera and Trooper Long [a passenger in the cruiser] both visualized the Plaintiff prior to

impact." *Id*. at ℙ 19.

The Complaint raises three causes of action arising out of these factual circumstances.

Count I is a claim of negligence against the Commonwealth, the PSP, and Trooper Freer based

on Freer striking Plaintiff with the cruiser. Count II, against all four Commonwealth Defendants,

is for violation of Plaintiff's Fifth and Fourteenth Amendment rights by way of 42 U.S.C. § 1983 for the failure to investigate and the suppression of evidence. Count III is a state law negligence claim against Culver for failing to render aid to an unconscious person and contributing to the cause of the accident.

**The Federal Constitutional Claim**

We examine the sole federal claim first because it is the claim over which this Court has original jurisdiction. Plaintiff alleges that all four Commonwealth Defendants violated his Fifth and Fourteenth Amendment rights and he seeks monetary damages for these alleged constitutional violations by way of § 1983. Defendants argue that the Eleventh Amendment bars this legal claim against the Commonwealth and the PSP, and against the Troopers acting in their official capacities. This Court agrees.

In federal courts, suits against states are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978). *See also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant…"). The Eleventh Amendment also provides agencies of a state with the same immunity. *Geis v. Board of Educ. of Parsippany Troy Hills, Morris Cnty.*, 774 F.2d 575, 580 (3d Cir. 1985). As an arm of the Commonwealth, the PSP is immune from suit in federal court under the Eleventh Amendment. *Holt v. Pennsylvania State Police*, 2020 WL 1941035, at *2 (W.D. Pa. Apr. 2, 2020).[1] Therefore, both the Commonwealth and the PSP

---

[1] Furthermore, neither the Commonwealth nor the PSP are considered a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

are immune[2] and the motion for judgment on the pleadings will be granted as to the federal claim against them.

Defendants also move for judgment in favor of Troopers Freer and Steele for any constitutional claims made against them in their official capacity. Here again, Defendants are correct: Freer and Steele cannot be held liable in their official capacities because they are immune. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) *quoting Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978). The motion for judgment on the pleadings will granted as to the claims against Freer and Steele in their official capacities.

So then, immunity bars every part of Count II except the constitutional claims against the Troopers in their individual capacities. Defendants seek judgment on the pleadings in this regard also.

The limitations set forth in the Fifth Amendment regarding due process restrict only federal government action; accordingly, the rights protected by the Fifth Amendment do not apply to the actions of state officials. *Caldwell v. Beard*, 324 Fed. App'x 186, 189 (3d Cir. 2009). Plaintiff cannot maintain a Fifth Amendment claim against these state officers and so judgment on the pleadings will be granted in their favor.

---

[2] In his opposition brief, Plaintiff baldly claims that the complaint alleges the "failure to train, failure to supervise, failure to investigate, and failure to control subordinates" against the Commonwealth and the PSP. Plaintiff's characterization of what the complaint says does not make it so. While the factual details of the complaint outline Trooper Steele's failure to investigate the incident, the complaint does not provide any factual details regarding the PSP or Commonwealth's involvement in the failure to investigate. Moreover, there are no factual allegations which imply the failure to train, failure to supervise, or failure to control subordinates.

Finally, Defendants argue that Plaintiff has not alleged sufficient facts to support his claims under the Fourteenth Amendment. Although not a model of clarity or explication, at this early stage of the proceedings, the complaint alleges sufficient factual allegations to support a due process claim against the Trooper Defendants in their individual capacities. *See* ECF No. 1, ¶¶ 17-19, 29(a)-(m). Accordingly, the motion for judgment on the pleadings will be denied in this regard.

We note that in his opposition brief, Plaintiff also argues that "in addition to the agency misconduct, there is an excessive force claim for the troopers moving their vehicle subsequent to the initial collision while the Plaintiff was under the wheels of the police car…" ECF No. 11, page 5. The complaint lacks any mention of an excessive force claim or any factual details which would support one and there is no mention of the vehicle being moved after the initial collision with Plaintiff.

**The Negligence Claim against Commonwealth Defendants**

Next, the Commonwealth Defendants move for partial judgment on the pleadings on the state negligence claim as pled against the Commonwealth. Defendants seek judgment based on sovereign immunity under state law.

As a matter of state law, the Commonwealth is immune from all lawsuits. "Although the Commonwealth generally enjoys immunity from all lawsuits, lawsuits may be brought against the Commonwealth in such a manner and in such courts as the General Assembly may direct." *McKeesport Mun. Water Authority v. McCloskey*, 690 A.2d 766, 775 (Commonwealth Ct. 1997). Pennsylvania's General Assembly has declared its intent that the Commonwealth, and its officials and employees acting within the scope of their duties, will remain immune from suit

except as the General Assembly shall specifically waive the immunity. *See* Pa. Const. Art. 1, §
11.

Relevant to the instant matter is the Commonwealth's specific waiver of sovereign
immunity for claims against its agencies arising out of negligence in the operation of a motor
vehicle. The statute is clear that an agency of the Commonwealth, like the PSP, may be sued for
an auto accident caused by the negligence of an agent of the Commonwealth while operating a
Commonwealth vehicle. However, the Legislature has not waived immunity for the
Commonwealth itself, only for its agencies. *See* 42 Pa. C.S.A. § 8522(a) ("The General
Assembly ... does hereby waive ... sovereign immunity as a bar to an action against
Commonwealth parties ..."); 42 Pa. C.S.A. § 8501 ("Commonwealth party" is defined as "any
Commonwealth agency and any employee thereof ..."). Thus, because the Commonwealth itself
has immunity from such claims, the motion for judgment on the pleadings will be granted as to
the Commonwealth on the negligence claim against it.

An appropriate Order follows this Memorandum Opinion.